UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cv-62620-BLOOM/Valle

ATMOS NATION, LLC, a Nevada
limited liability company, and
ATMOS TECHNOLOGY, LLC,
a Florida limited liability company,

    Plaintiffs,

v.

PANA DEPOT, INC., a California corporation,
and CHERNG C. HUA,

    Defendants.
_____/

## ORDER ON MOTION TO VACATE DEFAULT JUDGMENT AND DEFAULT

**THIS CAUSE** is before the Court upon Defendants Pana Depot, Inc.'s ("Pana") and Cherng C. Hua's ("Hua") (collectively, "Defendants") Motion to Vacate Default Judgment and Default, ECF No. [33] (the "Motion"). The Court has consider the Motion, Plaintiffs' Response, all attached exhibits, the parties' positions at oral argument, and is otherwise duly advised. For the reasons that follow, the Motion is granted in part and denied in part.

### I. BACKGROUND

Plaintiffs Atmos Nation, LLC and Atmos Technology, LLC (collectively, "Atmos") filed a Complaint on November 17, 2014, and filed proof of service upon Defendants with the Court approximately two weeks later. *See* ECF Nos. [5]–[7]. The process server's affidavit indicates that he effectuated service upon Defendants by serving a "Mr. Chan" at "710 S. Myrtle Ave. #158, Monrovia, CA 91016." *See* ECF Nos. [5], [6] ("Toscano Affidavit"). Defendants never appeared before the Court or filed an Answer. Upon Atmos's appropriately filed motion for

entry of default judgment, the Court entered a Final Default Judgment against Defendants, found them liable for willful infringement, awarded $614,250.00 in damages (to be trebled), and closed the case. *See* ECF No. [32]. Thereafter, 15 months later, Defendants' filed their Motion to Vacate. Defendants claim that they were unaware of the proceedings before this Court, and only learned of their substantial liability upon Hua's receipt of a notice of involuntary lien against his personal residence in July 2016. *See* Motion ¶ 7. Atmos's Response, and Defendants' Reply, timely followed. *See* ECF Nos. [37], [41]. Pursuant to the parties' request, the Court heard oral argument on August 29, 2016, and advised that the instant Order would follow. *See* ECF No. [43].

## II. LEGAL STANDARD

Defendants move to vacate the Default Final Judgment under Fed. R. Civ. P. 60(b)(4), and alternatively, under Rule 60(b)(1) and (6). Rule 60(b)(4) requires relief from a final judgment if a court finds a judgment void. "When evaluating a Rule 60(b)(4) motion, the district court possesses no discretion: the judgment is either void or it is not." *Rismed Oncology Sys., Inc. v. Baron*, 638 F. App'x 800, 805 (11th Cir. 2015). "The remedy for a void judgment or order is similarly limited—the only relief available is for the court to set it aside. Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Id.* "Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." *Id.* (quoting *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003)).

Federal Rule 60(b)(1) allows for relief from judgment based on "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1) additionally "'encompasses mistakes in the

application of the law,' including judicial mistakes." *United States v. One Million Four Hundred Forty-Nine Thousand Four Hundred Seventy-Three Dollars & Thirty-Two Cents ($1,449,473.32) in U.S. Currency*, 152 F. App'x 911, 912 (11th Cir. 2005) (quoting *Parks v. U.S. Life and Credit Corp.*, 677 F.2d 838, 840 (11th Cir. 1982)).  Rule 60(b)(6) allows for "relief from a final judgment, order, or proceeding" for "any other reason that justifies relief."  Under this subcategory, the movant must show an "exceptional circumstance" that warrants relief. *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014).

### III. DISCUSSION

#### A. Rule 60(b)(4)

The gravamen of this dispute regards service of process.  Atmos allegedly effectuated service for both Defendants by utilizing a process server to personally serve a "Mr. Chan" at "710 S. Myrtle Ave. #158, Monrovia, CA 91016," a UPS store containing a personal mailbox(es) for Pana and Hua.  Counsel for Defendants conceded during oral argument that Pana authorized the UPS mailbox/store as its agent to receive legal service of process, and that service was proper as to Pana.  *See* ECF No. [5]; Motion at 8.  Accordingly, the Court finds that it has jurisdiction over Defendant Pana.  As to Hua, Atmos served Mr. Chan as "a person in charge of [Hua's] private mailbox," a fact Defendants' counsel also conceded at oral argument. *See* ECF No. [33-12] ¶ 6 ("Hua Affidavit").  This Court's jurisdiction over Hua, therefore, depends on whether Atmos properly served Hua through his private UPS mailbox.

A plaintiff can "show that service was proper [by showing] . . . that he served Defendant in accordance with the state law for service in *either* the state where the district court is located or where service is made." *Jolley v. Donovan*, 2011 WL 6400306, at *3 (S.D. Ga. Dec. 19, 2011) (citing Fed. R. Civ. P. 4(e)) (emphasis added).  In Florida, personal

> service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.

Fla. Stat. Ann. § 48.031(1)(a). Section 48.031(6)(a) allows for substitute service

> [i]f the *only address for a person to be served which is discoverable through public records is a private mailbox*, a virtual office, or an executive office or mini suite, substitute service may be made by leaving a copy of the process with the person in charge of the private mailbox, virtual office, or executive office or mini suite, but only if the process server determines that the person to be served maintains a mailbox, a virtual office, or an executive office or mini suite at that location.

(emphasis added); *see Clauro Enters., Inc. v. Aragon Galiano Holdings, LLC*, 16 So. 3d 1009, 1012 (Fla. 3d DCA 2009) ("The statute only permits substitute service at a private mailbox if (1) it is the *only* address discoverable through the public records, and (2) the process server determines that the person to be served maintains a mailbox at that location." (emphasis in original)). "Although the legislature did not provide a definition of the term 'private mailbox,' [Florida courts] conclude that this term certainly includes a private mailbox service provided by a commercial mail receiving agency" such as the UPS store in this case. *TID Servs., Inc. v. Dass*, 65 So. 3d 1, 6 (Fla. Dist. Ct. App. 2010).

California law similarly allows for substitute service upon a defendant at a private mailbox, providing that

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served . . . a summons may be served by leaving a copy of the summons and complaint at the person's . . . usual mailing address . . . in the presence of a competent . . . person apparently in charge of his or her office, place of business, or usual mailing address . . . .

Cal. Civ. P. Code § 415.20(b). Section 415.20 "permits substituted service when *personal service* cannot be accomplished with reasonable diligence." *Bd. of Trustees of the Leland Stanford Junior Univ. v. Ham*, 216 Cal. App. 4th 330, 338 (2013) (emphasis in the original).

4

"The term "'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney. A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, . . . and by investigation of appropriate city and telephone directories, voters' registries and the assessor's office property indices situated near the defendant's last known location generally are sufficient." *Id.* (internal quotations and alterations omitted). "Indeed, in order to avail oneself of substitute service under section 415.20, '[t]wo or three attempts to personally serve a defendant at a proper place ordinarily qualifies as 'reasonable diligence.''" *Id.* at 337 (quoting *Am. Exp. Centurion Bank v. Zara*, 199 Cal. App. 4th 383, 389 (2011)). Accordingly, under both California and Florida law, a plaintiff cannot properly serve a defendant at a private mailbox until it has first conducted a sufficient search for an address that will allow for personal service.

Despite requesting and receiving oral argument on the issue, Defendants did not produce the process server or any direct evidence to establish that at the time of service, publically available records listed Hua's personal address. Similarly, Atmos did not proffer evidence of the process server's methodology – if any – used to determine that it could not effectuate personal service upon Hua. Instead, Atmos relies solely on the process server's affidavit, in which "Marco Toscano" of "Serves R Us" states under oath that the UPS address was the "only address known after reasonable investigation." Toscano Affidavit. Devoid of direct or conclusive evidence, the instant dispute turns on the allocation and satisfaction of burdens, and in this, Atmos has failed.

Atmos "bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). Atmos, through the factual allegations in its Complaint and the Toscano

5

Affidavit, met its initial burden. "When a defendant challenges personal jurisdiction 'by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" *Id.* (quoting *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)). "The burden, however, does not shift back to the plaintiff when 'the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction.'" *Id.* (quoting *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006)).

Defendants' Motion includes an affidavit submitted by Hua, in which he states that he "currently resides at 10547 Lynrose Street, Temple City, California 91780," where he has lived since 2010, and that his "primary place of business is located at 5525 Peck Road, Arcadia, California 91006." Hua Affidavit ¶ 3. Hua states that he never received actual notice of these proceedings, that his attached driver's license lists his Temple City address, and that his "credit card statements, utility bills, [and] car payments," are either sent to that address or the Arcadia address. *Id.* ¶¶ 8-10, 12. Defendants argue that the Arcadia address was known to Atmos "as they previously delivered demand letters to Pana" at that address, and that if Atmos had exercised the requisite diligence, it could have located Hua's personal residence. Motion at 6. The attached driver's license does in fact list the Temple City address, but was issued to Hua in May of 2015. *See* ECF No. [33-5]. Defendants have also attached the 2008 deed to Hua's Temple City residence, ECF No. [33-4], and submitted a recent WestLaw People Report for Hua, listing the Arcadia address. *See* ECF No. [40].

As Defendants' counsel conceded at oral argument, none of this information establishes that Hua's residences were publically available or otherwise ascertainable at the time of service in 2014. However, the Court finds that Hua's affidavit, combined with the evidence submitted,

sufficiently shows that Hua's addresses were discoverable through a public records search or other reasonable diligence, thereby shifting the burden back to Atmos "'to produce evidence supporting jurisdiction.'" *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1350 (quoting *Madara*, 916 F.2d at 1514). Atmos has not produced any evidence to meet this burden, and reaffirmed at oral argument that it is relying entirely on the Toscano Affidavit. That Affidavit itself conflicts with Atmos's counsel's argument that Toscano complied with Florida law to serve Hua, as the Affidavit states that Toscano served Hua "in compliance with State Statutes, BPC 17538.5," a section of the California Business Code. Toscano Affidavit. Regarding Atmos's argument in its Response that Los Angeles County "protects addresses for individuals and does not make them available," said argument does not constitute actual evidence that the Court may consider. *See F.D.I.C. v. P.C.F*, 2014 WL 960923, at *5 (N.D. Ga. Mar. 11, 2014) (noting that mere argument found in a brief is not evidence). In fact, Atmos and its attorney conceded that Atmos actually discovered Hua's home address after "several weeks" of search, leaving unexplained why Atmos failed to search for this address before it attempted to serve Hua. *See* ECF No. [37] at 6. In light of Defendants' evidence and Atmos's concessions, Toscano's conclusory, vague, and somewhat contradicting assertion that he conducted a satisfactorily "reasonable investigation" fails to meet Atmos's burden to establish proper service. *See Clauro Enterprises, Inc.*, 16 So. 3d at 1012 ("An affidavit [of service] which merely alleges that the service of process statute has been complied with is insufficient to meet the proponent's initial burden of establishing proper service." (quoting *York Commc'ns, Inc. v. Furst Group, Inc*., 724 So. 2d 678, 679 (Fla. 4th DCA 1999)); *see also Johnston v. Halliday*, 516 So. 2d 84, 85 (Fla. 3d DCA 1987) (holding that a return of service merely stating that substituted service was effected on the defendant's son who was "of suitable age and discretion" was insufficient absent facts establishing that the process

7

server complied with specific requirements for substituted service). Accordingly, the Court finds that it lacked jurisdiction to issue the Final Judgment against Hua, making said Judgment void as to Hua.

B.     Rule 60(b)(1) & (6)

The Final Judgment remains valid as to Defendant Pana. Pana argues that despite proper service, the Court should grant it relief from judgment due to "excusable neglect," and because it has a meritorious defense. *See* Motion at 7-10. As an initial matter, Rule 60(c) provides that a Rule 60(b) motion must be brought within "a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment . . . ." Therefore, Defendants' Motion, to the extent that it requests relief under Rule 60(b)(1) fifteen months after the Court's Judgment, is denied as untimely. Moreover, Pana concedes that it listed the UPS store/mailbox as its registered agent, but states that because it did not engage in the business alleged in Atmos's Complaint, "it could not have reasonably expected to be the subject of a lawsuit." Motion at 8. The Court disagrees, and finds that even if Pana did not physically receive service of process due to its own negligence, it has not established "exceptional circumstance[s]" to set aside the Court's Final Judgment. *See Arthur*, 739 F.3d at 630. Lastly, the Court is unpersuaded by Pana's argument that relief is justified because it is not the correct party in this action. Hua's Affidavit is the only evidence in the record that directly supports Pana's assertion, and regardless, Pana's claim is an affirmative defense that it could have made had it not waited 19 months to appear before the Court. Accordingly, the Motion is denied as to Defendant Pana.

### IV. CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** that the Motion to Vacate and Set Aside Default Judgment and Default, **ECF No. [33]** is **GRANTED** in part and **DENIED** in part as follows:

1. The Motion is **GRANTED** as to Defendant Cherng C. Hua;

2. The Motion is **DENIED** as to Defendant Pana Depot, Inc.;

3. The Clerk's Default, **ECF No. [24]**, and Final Default Judgment, **ECF No. [32]**, are **VACATED** as to Defendant Cherng C. Hua;

4. Atmos has until **September 29, 2016** to perfect service upon Defendant Cherng C. Hua and file notice of same with the Court. Failure to perfect service upon Defendant Hua by the Court's deadline will result in dismissal of these proceedings against Defendant Hua without further notice.

**DONE AND ORDERED** in Miami, Florida, this 30th day of August, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record